UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEX PALMARES and GEOR BLANCO,                :
                                               :   12CV0693(DAB)
                    Plaintiffs,                :
                                               :
        - against -                            :   COMPLAINT AND
                                               :   <u>DEMAND FOR JURY TRIAL</u>
THE CITY OF NEW YORK, ELISHA DUNCAN,           :
JERRY CHOI, and "JOHN DOE" # 1-7,              :   ECF CASE
                                               :
                    Defendants                 :
------------------------------------------------------------x

    Plaintiffs, by their attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, allege:

## NATURE OF THE ACTION

    1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiffs Alex Palmares and Geor Blanco by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

    2. Plaintiff Alex Palmares is a citizen of the Untied States who was present in the residence of plaintiff Geor Blanco, also a citizen of the United States, in apartment 14G at 40 Richman Plaza, Bronx, New York 10453 on February 11, 2010, when defendants Elisha Duncan and Jerry Choi and other New York City police officers forcibly entered the apartment to execute a search warrant, seized and handcuffed plaintiff Alex Palmares, searched the apartment, seized the sum of $2,649.00 from a drawer in plaintiff Geor Blanco's bedroom although the search warrant did not authorized the seizure of any funds, arrested plaintiff Alex Palmares on false criminal charges of Possession of a Controlled Substance in the 7th Degree, Criminally Using Drug Paraphernalia in

the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Unlawful Possession of Marijuana, held plaintiff Alex Palmares in custody until his arraignment on February 13, 2010, and prosecuted plaintiff Alex Palmares on false criminal charges of Possession of a Controlled Substance in the 7th Degree, Criminally Using Drug Paraphernalia in the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Unlawful Possession of Marijuana. The false charges against plaintiff Alex Palmares were dismissed on January 24, 2011. Plaintiff Geor Blanco was not present at the time of the police entry into her apartment. The arrest and prosecution of plaintiff Alex Palmares and the seizure of plaintiff Geor Blanco's funds were the result of policies and practices adopted by defendant The City of New York (1) to arrest all persons present at the location of the execution of a search warrant, (2) to arrest individuals for possession of controlled substances or drug paraphernalia or weapons without probable cause to support the arrests, and (3) to seize property not described in the search warrant.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiffs' constitutional and civil rights.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Elisha Duncan and Jerry Choi can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Alex Palmares is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Plaintiff Geor Blanco is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Elisha Duncan is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Elisha Duncan was acting within the scope of his employment by defendant The City of New York.

11. Defendant Jerry Choi is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Jerry Choi was acting within the scope of his employment by defendant The City of New York.

13. Defendants "John Doe" #1-7 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

14. At all times relevant herein, defendants "John Doe" #1-7 were acting within the scope of their employment by defendant The City of New York.

## STATEMENT OF CLAIMS

15. Plaintiffs incorporate by reference paragraphs 1 through 14 of this complaint as

though the same were set forth fully herein.

16. On February 11, 2010, plaintiff Geor Blanco was a resident of apartment 14G in the premises located at 40 Richman Plaza, Bronx, New York 10453.

17. At the time of the events herein described, plaintiff Geor Blanco was not present in her above described residence.

18. On February 11, 2010, plaintiff Alex Palmares was lawfully present in apartment 14G in the premises located at 40 Richman Plaza, Bronx, New York 10453.

19. On February 11, 2010, defendants Elisha Duncan, Jerry Choi and "John Doe" #1-7 entered apartment 14G in the premises located at 40 Richman Plaza, Bronx, New York 10453.

20. Upon entering the above described residence, one of the individual defendants seized plaintiff Alex Palmares, forced him to the floor, and handcuffed him.

21. The defendants then placed plaintiff Alex Palmares in a hallway of the apartment with other residents of the apartment while the defendants searched the apartment.

22. The defendants thereupon arrested plaintiff Alex Palmares on charges of Possession of a Controlled Substance in the 7th Degree, Criminally Using Drug Paraphernalia in the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Unlawful Possession of Marijuana.

23. Plaintiff Alex Palmares was not in possession of a controlled substance, drug paraphernalia, an illegal weapon, or any marijuana.

24. Plaintiff Alex Palmares had not used and was not using any drug paraphernalia.

25. During the course of their search of apartment 14G, the defendants seized the sum of $2,649.00 from a drawer in plaintiff Geor Blanco's bedroom.

26. The defendants then transported plaintiff Alex Palmares to the 46th Precinct at 2120 Ryer Avenue, Bronx, New York, where he was imprisoned for a period of time, and then transported

him to Bronx Central Booking, where he continued to be imprisoned.

27. On information and belief, on February 12, 2010, defendant Elisha Duncan falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Alex Palmares had been in possession of a controlled substance, to wit, cocaine, had used drug paraphernalia, had been in possession of an illegal weapon, to wit, a gravity knife, and had been in possession of marijuana.

28. On February 12, 2010, defendant Elisha Duncan commenced a criminal proceeding against plaintiff Alex Palmares in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crimes of Possession of a Controlled Substance in the 7th Degree, Criminally Using Drug Paraphernalia in the 2nd Degree, Criminal Possession of a Weapon in the 4th Degree, and Unlawful Possession of Marijuana.

29. On February 12, 2010, plaintiff Alex Palmares was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was released in his own recognizance.

30. On January 24, 2011, the charges against plaintiff Alex Palmares were dismissed.

31. The funds seized from the bedroom of plaintiff Geor Blanco have never been returned to her.

## COUNT ONE ON BEHALF OF ALEX PALMARES
## FALSE IMPRISONMENT ON UNDER 42 U.S.C. §1983

32. Plaintiffs incorporate by reference paragraphs 1 through 31 of this Complaint as though the same were set forth fully herein.

33. The seizure, detention, arrest, and imprisonment of plaintiff Alex Palmares by defendants Elisha Duncan, Jerry Choi, and "John Doe" #1-7 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

34. The seizure, detention, arrest, and imprisonment of plaintiff Alex Palmares were made without probable cause to believe that he had committed a crime or offense.

35. The charges upon which defendants Elisha Duncan, Jerry Choi and "John Doe" #1-7 arrested plaintiff Alex Palmares were false.

36. The charges were made by defendants Elisha Duncan, Jerry Choi and "John Doe" #1-7 against plaintiff Alex Palmares with knowledge that they were false.

37. Plaintiff Alex Palmares was aware of his seizure, detention, arrest and imprisonment by defendants Elisha Duncan, Jerry Choi and "John Doe" #1-7.

38. Plaintiff Alex Palmares did not consent to his seizure, detention, arrest or imprisonment.

39. As a result of the foregoing, plaintiff Alex Palmares was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

40. The seizure, detention, arrest and imprisonment of plaintiff Alex Palmares deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

41. Defendants Elisha Duncan, Jerry Choi and "John Doe" #1-7 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Alex Palmares.

42. Defendants Elisha Duncan, Jerry Choi and "John Doe" #1-7 deprived plaintiff Alex Palmares of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of

the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Alex Palmares on false criminal charges.

### COUNT TWO ON BEHALF OF ALEX PALMARES
### MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

43. Plaintiffs incorporate by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully herein.

44. The criminal charges brought by defendant Elisha Duncan against plaintiff Alex Palmares in Bronx Supreme Court, Criminal Division, were false.

45. The criminal proceeding commenced by defendant Elisha Duncan against plaintiff Alex Palmares in Bronx Supreme Court, Criminal Division, was instituted by this defendant with knowledge that the charges were false.

46. Defendant Elisha Duncan was acting with malice when he commenced the criminal proceeding against plaintiff Alex Palmares.

47. The criminal proceeding instituted by defendant Elisha Duncan against plaintiff Alex Palmares was terminated in plaintiff Alex Palmares' favor.

48. Defendant Elisha Duncan was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Alex Palmares had been in possession of a controlled substance, had used drug paraphernalia, was in possession of an illegal weapon, and was in possession of marijuana.

49. Defendant Elisha Duncan was acting under color of state law when he commenced a criminal proceeding against plaintiff Alex Palmares in Bronx Supreme Court, Criminal Division.

50. Defendant Elisha Duncan deprived plaintiff Alex Palmares of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth

Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Alex Palmares on false criminal charges.

### COUNT THREE ON BEHALF OF ALEX PALMARES
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

51. Plaintiffs incorporate by reference paragraphs 1 through 50 of this Complaint as though the same were set forth fully herein.

52. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

53. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

54. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting all persons present at premises in which a search warrant is being executed, regardless of the lack of evidence of commission of a crime by some or all of those persons, in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

55. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.