56. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in proper procedures for the execution of search warrants consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the standards of probable cause and the requirements for the arrest of persons present during the execution of a search warrant;

(c) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless arrests of individuals for possession of controlled substances, marijuana or other contraband consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(d) Defendant The City of New York encouraged or permitted police officers executing search warrants to arrest all persons present in the premises being searched regardless of the absence of probable cause for such arrests;

(e) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the execution of search warrants and during warrantless arrests;

(f) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(g) Defendant The City of New York failed to discipline police officers for making warrantless arrests of all persons present during the execution of search warrants where probable cause for an arrest did not exist.

57. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

58. The arrest, imprisonment and prosecution of plaintiff Alex Palmares on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants, the standards of probable cause, and the requirements for warrantless arrests.

59. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of arresting all persons present in premises in which a search warrant is being executed.

60. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

61. Defendant The City of New York deprived plaintiff Alex Palmares of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for arrests during the execution of search warrants and for warrantless arrests.

62. The aforesaid conduct of defendant The City of New York violated plaintiff Alex Palmares' rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FOUR ON BEHALF OF ALEX PALMARES
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

63. Plaintiffs incorporate by reference paragraphs 1 through 62 of this Complaint as though the same were set forth fully herein.

64. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Elisha Duncan and Jerry Choi are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

65. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

66. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

67. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

68. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Alex Palmares would be violated.

69. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Alex Palmares.

70. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

71. Defendant The City of New York deprived plaintiff Alex Palmares of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FIVE ON BEHALF OF ALEX PALMARES
## COMMON LAW MALICIOUS PROSECUTION

72. Plaintiffs incorporate by reference paragraphs 1 through 71 of this Complaint as though the same were set forth fully herein.

73. On March 21, 2011, and within 90 days of the accrual of his cause of action for malicious prosecution, plaintiff Alex Palmares served upon the Comptroller of the City of New York a Notice of Claims setting forth the time when, the place where and the manner in which his claim for malicious prosecution arose.

74. More than thirty days have expired since plaintiff Alex Palmares' Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

75. The commencement of a criminal proceeding against plaintiff Alex Palmares based on false criminal charges by defendants Elisha Duncan and The City of New York constituted malicious prosecution.

76. As a result of the criminal proceeding instituted by defendants Elisha Duncan and The City of New York, plaintiff Alex Palmares was subjected to emotional distress and exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT SIX ON BEHALF OF GEOR BLANCO
### UNLAWFUL SEIZURE OF PROPERTY UNDER 42 U.S.C. §1983

77. Plaintiffs incorporate by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78. Upon information and belief, the search warrant pursuant to which defendants Elisha Duncan, Jerry Choi, and "John Doe" # 1-7 entered apartment 14G in the premises 40 Richman Plaza, Bronx, New York 10453 did not authorize the seizure of money from that apartment.

79. Defendants Elisha Duncan, Jerry Choi, and "John Doe" # 1-7 lacked a warrant or other legal process directing or authorizing the seizure of money from the residence of plaintiff Geor Blanco.

80. The seizure of plaintiff Geor Blanco's funds deprived her of her rights to be free of unlawful searches and seizures and not to be deprived of her property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

81. Defendants Elisha Duncan, Jerry Choi and "John Doe" # 1-7 were acting under color of state law when they seized and removed plaintiff Geor Blanco's funds from her residence.

82. Defendants Elisha Duncan, Jerry Choi and "John Doe" #1-7 deprived plaintiff Geor Blanco of her rights to be free of unlawful searches and seizures, and not to be deprived of her property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing the sum of $2,649.00 from plaintiff Geor Blanco's residence.

## COUNT SEVEN ON BEHALF OF GEOR BLANCO
### UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. §1983

83. Plaintiffs incorporate by reference paragraphs 1 through 82 of this Complaint as though the same were set forth fully herein.

84. Upon information and belief, defendants Elisha Duncan and Jerry Choi obtained a search warrant for apartment 14G at 40 Richman Plaza, Bronx, New York 10453 on the basis of information provided by an informant.

85. Upon information and belief, the informant who provided information to defendants Elisha Duncan and Jerry Choi was not reliable.

86. Upon information and belief, the information provided to defendants Elisha Duncan and Jerry Choi by the informant was unreliable.

87. Upon information and belief, the information provided to defendants Elisha Duncan and Jerry Choi by the informant was not credible.

88. Upon information and belief, the informant who provided information to defendants Elisha Duncan and Jerry Choi was not credible.

89. Upon information and belief, defendants Elisha Duncan and Jerry Choi failed to corroborate the information provided to them by the informant.

90. Upon information and belief, defendants Elisha Duncan and Jerry Choi failed to investigate to determine whether the individual who was the subject of the search warrant they sought resided in the premises for which the search warrant was obtained.

91. As a result of the foregoing, defendants Elisha Duncan and Jerry Choi were guilty of incompetence in obtaining and executing a search warrant for the premises of plaintiff Geor Blanco.

92. Defendants Elisha Duncan and Jerry Choi were acting under color of state law when they obtained a search warrant for the residence of plaintiff Geor Blanco without corroborating the reliability of the information provided by the informant.

93. Defendants Elisha Duncan and Jerry Choi were acting under color of state law when they obtained a search warrant for the residence of plaintiff Geor Blanco without determining whether the person who was the subject of their investigation resided in that residence.

94. Defendants Elisha Duncan deprived plaintiff Geor Blanco of her rights to be free of unreasonable searches and seizures and not to be deprived of her property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by obtaining a search warrant for plaintiff Geor Blanco's residence on the basis of unreliable and uncorroborated information provided by an unreliable informant and seizing the sum of $2,649.00 from her residence.

## COUNT EIGHT ON BEHALF OF GEOR BLANCO
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

95. Plaintiffs incorporate by reference paragraphs 1 through 94 of this Complaint as though the same were set forth fully herein.

96. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

97. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

98. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of seizing property from premises in which a search warrant is being

executed not described in the search warrant, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

    (a) Defendant The City of New York failed properly to train police officers in proper procedures for the execution of search warrants consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

    (b) Defendant The City of New York failed properly to train police officers in the limitations of property which can be seized pursuant to a search warrant consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the Untied States;

    (c) Defendant The City of New York failed properly to train police officers in the scope of property which can be seized pursuant to a search warrant consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

    (d) Defendant The City of New York failed to instruct its police officers that property which can be seized during the execution of a search warrant is limited to the items described in the search warrant;

    (e) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during the execution of search warrants;

    (f) Defendant The City of New York failed properly to monitor the execution of search warrants by its police officers to determine if its police officers were obeying the limitations of the search warrants consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

    (g) Defendant The City of New York failed to discipline police officers for making seizing property not described in search warrants.

99. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

100. The seizure of the sum of $2,649.00 from a drawer in plaintiff Geor Blanco's bedroom during the execution of a search warrant resulted from the failure of defendant The City

of New York properly to train, supervise, monitor and discipline its police officers in the execution of search warrants.

101. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to seize property not described in search warrants during the execution of search warrants.

102. Defendant The City of New York deprived plaintiff Geor Blanco of her right to be free of unreasonable searches and seizures and not to be deprived of her property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of seizing property not described in search warrants during the execution of search warrants.

103. The aforesaid conduct of defendant The City of New York violated plaintiff Geor Blanco's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

### COUNT FOUR ON BEHALF OF GEOR BLANCO
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

104. Plaintiffs incorporate by reference paragraphs 1 through 103 of this Complaint as though the same were set forth fully herein.

105. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Elisha Duncan and Jerry Choi are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

106. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

107. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights.

108. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

109. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Geor Blanco would be violated.

110. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Geor Blanco.

111. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

112. Defendant The City of New York deprived plaintiff Geor Blanco of her rights to be free of unlawful searches and seizures and not bo be deprived of her property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy,

practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

A. Award each of the plaintiffs compensatory damages to be determined by the jury at the time of trial;

B. Award each of the plaintiffs punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiffs reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiffs request a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
January 26, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
Steven Michelstein (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880